[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CT Page 7991
The defendants in the fifteenth count of the amended complaint, who consist of three municipal officials, have filed a motion to strike on grounds of governmental immunity. A motion to strike admits all facts well pleaded but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings; the allegations of the fifteenth count are entitled to the same favorable construction a trier would be required to give them in admitting evidence, and if the facts provable under the allegations support a cause of action, the motion to strike must be denied. Mingachos v. CBS, Inc.,196 Conn. 91, 108, 109.
The allegations of the fifteenth count allege that the individual plaintiffs own property in Sherman abutting Mountain Road, which is located in the towns of Sherman and New Fairfield, and that they own easements appurtenant to their property which give them an unrestricted right to use Mountain Road. The defendants, Lawrence Tracy and Anna Tracy, have excavated material on Mountain Road and caused erosion and water drainage onto the plaintiffs' property. It is also alleged that the Town of Sherman has issued a cease and desist order on October 10, 1989 ordering the defendant, Lawrence Tracy, to cease and desist from violating the Sherman zoning regulations by excavating material from Mountain Road. The plaintiffs contend that the excavation activities have continued, creating a hazardous condition on the road and that unless the defendants Tracy are enjoined from continuing their activities, they will cause irreparable harm to the property rights of the individual plaintiffs. The conduct of the defendants Tracy is claimed to violate the Sherman zoning regulations. The three municipal officials of the Town of Sherman have allegedly failed to enforce the zoning regulations as required by the regulations themselves and section 8-12 of the General Statutes. The municipal defendants include Helen Bray, the Zoning Enforcement Officer, William Piel, Chairman of the Planning and Zoning Commission, and Kenneth F. Grant, First Selectman of the Town of Sherman. The plaintiffs request the court to issue an order directing them to enforce the zoning regulations against the defendants Tracy under the prayer for relief for the fifteenth count. Under the general prayer for relief applying to all counts, the plaintiffs claim monetary damages, treble damages and reasonable counsel fees.
The municipal defendants (Bray, Piel and Grant) move to strike that part of the prayer for relief which claims monetary damages against them individually, since they were acting in their official capacity as officials of the Town of Sherman and are protected by governmental immunity. Since the fifteen CT Page 7992 count complaint applies to other defendants in addition to the municipal defendants, and claims for monetary damages may be valid as to other defendants, the motion to strike cannot challenge the general claims for relief. See Rowe v. Godou,209 Conn. 273, 279.
The fifteenth count alleges that the municipal defendants "failed and neglected to enforce . . . the zoning regulations." Governmental immunity is a question of law. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. Assuming these allegations amount to negligence claims, a municipal employee has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. Evon v. Andrews, 211 Conn. 501, 505. A ministerial act is a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. Evon v. Andrews, supra, 505; Gauvin v. New Haven, 187 Conn. 180, 184. Where municipal officials are engaged in discretionary acts, as opposed to ministerial acts, there is qualified immunity, subject to three exceptions: (1) where the circumstances make it apparent to the municipal officer that failure to act is likely to subject a identifiable person to imminent harm; (2) where a statute specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws; and (3) where the alleged acts involve malice wantonness or intent to injure, rather than negligence. Id. 505.
In order for these exceptions to apply and give the plaintiff a cause of action, it must be shown that enforcement of zoning laws is a governmental duty of the officials involved. The Zoning Commission provides for the matter in which the zoning regulations are enforced. Section 8-3(e) of the General Statutes. The regulations are enforced by the officer or authority designated in the zoning regulations. Section 8-12 of the General Statutes. It is unclear from the record who was designated to enforce the zoning regulations, but the designation of a zoning enforcement officer indicates that the zoning enforcement function is delegated to that official. In any event, the First Selectman does not perform the zoning enforcement function. In some cases, the Planning 
Zoning Commission retains zoning enforcement duties. Whether that is the case in the Town of Sherman cannot be decided or the face of the complaint, but whether the regulations are enforced by the Zoning Enforcement Officer, the Commission or both, it is a governmental duty required by statute of regulations and therefore a governmental function. "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature." CT Page 7993 Brown v. Branford, 12 Conn. App. 106, 110; Gauvin v. New Haven, supra, 184.
The municipal defendants are protected by qualified governmental immunity unless the plaintiff can place this case under one of the exceptions. The plaintiffs have not identified any statute or alleged any acts which raise the second or third exceptions. While section 8-12 of the General Statutes allows a municipality, acting through an official authorized to enforce the zoning regulations, to bring a zoning enforcement action, it does not create any right for members of the public to bring such action, force the municipality or any of its officials to do so, or claim damages. In order for a plaintiff to have a cause of action under the identifiable person/imminent harm exception, it must be shown that they were both (1) readily identifiable victims, and (2) subject to imminent harm. Shore v. Stonington, 187 Conn. 147, 154; Evon v. Andrews, supra, 508. The plaintiffs have identified no cases which extend this exception to the situation here. The fact that the defendants may have known of the allegedly illegal excavation activities is not sufficient.
Since zoning enforcement is a discretionary function and depends upon the exercise of judgment by municipal officials as to whether or not a zoning violation exists, and what enforcement action to take, the municipality cannot be compelled to take that action, as requested in the prayer for relief for the fifteenth count. The plaintiffs have not identified any case allowing an injunction to be issued to compel municipal officials to enforce zoning regulations. If private property owners claim a zoning violation exists, they can bring their own private injunction action to enforce the zoning regulations where it is claimed that local officials failed to act against the violations, Blum v. Lisbon Leasing Corporation, 173 Conn. 175; Cummings v. Tripp, 204 Conn. 67,75, 76, but they cannot compel municipal officials to spend public funds for their benefit.
The motion to strike the fifteenth count is granted.
Robert A. Fuller, Judge